[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Christopher James, Esq., Assistant Public Defender for Petitioner.
Timothy Liston, Assistant State's Attorney for the State.
BY THE DIVISION
Gregory Dixon received a ten (10) year sentence in connection with his conviction, after a jury trial, to robbery in the second degree, Conn. Gen. Stat. Sec. 53a-135 (a).
On February 1, 1990 a robbery took place in Middletown. The female victim reported having been robbed by a man she had seen a few moments earlier in a restaurant. She told the police the man appeared to be intoxicated and that he came to her and demanded the food she had just purchased, and, although she ignored him, he grabbed her and placed a sharp object to her neck saying, "My razor hasn't had blood on it for a long time." The victim tried to resist, but the assailant reached into her pocket and took a $10 bill and some change. She was pushed but otherwise not injured and the assailant fled. The petitioner was later apprehended following a photo identification by the victim.
The petitioner's criminal recorded is extensive. His convictions start in 1971 and continue virtually uninterrupted through June of 1989. He has three convictions for robberies, the last being in 1979 although the record discloses in the last five years his area of concentration seems to have been petty theft with eleven convictions for larceny in the sixth degree.
The petitioner is an admitted alcoholic whose addiction was so uncontrollable that he even came to his trial inebriated, although the sentencing judge was quick to point out his sentence had nothing to do with his condition in court as he was not disruptive during the course of the trial. CT Page 9337
Clearly the petitioner is an alcoholic whose inability to control his behavior while in society is exemplified by his long criminal record. In the present case, he has gone back to the use of violence and threats in order to satisfy his insatiable thirst for alcohol and thus he represents a real threat to society.
We find that the ten (10) year sentence was not disproportionate nor unfair in light of all the factors presented in this case.
The sentence is affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, Klaczak and Norko, J.s, participated in this decision.